**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry James Rady, ) | No. CV 16-01294-PHX-FJM |
| ) | CR 04-00585-PHX-FJM |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The Court has before it Petitioner's Motion to Vacate under 28 U.S.C. §2255 (Doc. 1), the Government's Response (Doc. 4), and exhibits, Petitioner's Reply (Doc. 5), the Report and Recommendation (Doc. 6), Petitioner's Objections (Doc. 7), and the Government's Response to the Objections (Doc. 8).

Petitioner contends that his two armed robbery convictions under prior Arizona law are not violent felonies within the meaning of 18 U.S.C. §924(e)(2)(B)(i), which requires as an element, "the use, attempted use, or threatened use of physical force against the person of another." Petitioner relies on *Johnson v. United States (Curtis Johnson),* 559 U.S. 133, 140 (2010), which defined "physical force" to mean "force capable of causing physical pain or injury to another person." The magistrate judge rejected this contention, in reliance on *State v. Bishop,* 698 P.2d 1240, 1243(Ariz. 1985), construing the prior Arizona robbery statute to require force "of such a nature as to show that it was intended to overpower the party robbed."

1    Petitioner objects to the R&R and contends that the prior Arizona robbery statute, A.R.S.
2 §13-641, included robbery broader than that defined in *Bishop*.
3    Although the law related to what constitutes a violent felony is admittedly a mess, in this
4 and other contexts, Petitioner's contention splits the hair too finely under any interpretation.
5 Petitioner was twice convicted of *armed* robbery, which required the use of a gun or other
6 deadly weapon. One cannot commit armed robbery without using or threatening to use
7 physical force against another, within the meaning of §924(e)(2)(B)(i), and the gun or other
8 deadly weapon is "capable of causing physical pain or injury" within the meaning of *Curtis*
9 *Johnson.* We thus accept the magistrate judge's recommended disposition (Doc. 6).
10    Accordingly, it is ORDERED DENYING Petitioner's Motion to Vacate (Doc. 1). It is
11 further ORDERED DENYING a certificate of appealability under Rule 11, Rules Governing
12 Section 2255 Proceedings, for the reason that Petitioner has not made a substantial showing
13 of the denial of a constitutional right under 28 U.S.C. 2253(c).
14             DATED this 15th day of February, 2017.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge

- 2 -